**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ABBIE GARCIA, BRANDON** | § | |
| **PONTIOUS, and ORIN HUGHES,** | § | |
| **Individually and On Behalf of All Others** | § | |
| **Similarly Situated,** | § | |
| | § | **CIVIL ACTION NO. NO. 5:14-985-DAE** |
| **Plaintiffs,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **V.** | § | |
| | § | |
| **TWC ADMINISTRATION LLC D/B/A** | § | |
| **TIME WARNER CABLE,** | § | |
| | § | |
| **Defendant.** | § | |

---

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE**
**ACTION AND AUTHORIZATION FOR NOTICE**

---

## I.     BACKGROUND AND SUMMARY OF RELIEF REQUESTED—CLASS NOTICE; NOT A MERITS RULING.

The sole issue presented in this Motion is whether Abbie Garcia, Brandon Pontious, and Orin Hughes (hereinafter collectively referred to as "Plaintiffs") have satisfied their lenient burden of showing that other employees are similarly situated to warrant sending out class notice advising such employees of their right to join this lawsuit.  This Motion does not seek a determination on the merits of the case.

Plaintiffs are former inbound sales agents who worked at Defendant's call center located in San Antonio, Texas.  Defendant required and/or permitted Plaintiffs to work in excess of forty (40) hours per week without compensating them for such hours at the overtime rate required under the FLSA.  Defendant also failed to compensate Plaintiffs at the FLSA mandated minimum wage rate.  Plaintiffs now seek to recover their unpaid wages, liquidated damages,

attorneys' fees, and costs.  Plaintiffs also seek to represent all similarly situated inbound sales agents ("Class Members"), current and former, of Defendant who were subjected to the same illegal compensation practices during the three (3) years prior to filing their original complaint.

Accordingly, for the reasons stated herein, Plaintiffs request that this Court conditionally certify this case as a collective action under 29 U.S.C. § 216(b), order Defendant to produce a list of all its inbound sales agents employed during the last three years at its San Antonio, Texas location, and issue notice subject to the procedure and methods described in this Motion.

## II.    FACTS IN SUPPORT OF CONDITIONAL CERTIFICATION.

Defendant is a cable telecommunications company that operates throughout the United States, including Texas.  Plaintiffs were employed as inbound sales agents at Defendant's 1900 Blue Crest Lane, San Antonio, Texas 78247 location.[1]  Inbound sales agents, including Plaintiffs, were primarily responsible for selling cable service, and/or up selling to customers who called Defendant's call center.[2]  Inbound sales agents, including Plaintiffs, were paid by the hour and received a commission based on the number of sales generated.[3]  Commissions paid to inbound sales agents, including Plaintiffs, was adjusted based on a number of factors, such as "adherence to a set work schedule," "up-sales" and their ability to complete "new sales."[4]

Inbound sales agents are normally scheduled to work a forty (40) hour workweek.[5]  They are required to spend their scheduled hours on the phone generating sales.[6]  As an integral part of their duties, inbound sales agents also have to perform other "non-sales work" such as filling out

---

[1] Exhibits A, B, C, D and E at ¶2.
[2] *Id*. at ¶3; Exhibits A and B at ¶10; Exhibits C, D and E at ¶11.
[3] Exhibits A, B, C, D and E at ¶4, Exhibits A and B at ¶10; Exhibits C, D and E at ¶11.
[4] *Id.*
[5] Exhibits A and B at ¶8; Exhibits C, D and E at ¶9; Exhibits A and B at ¶10; Exhibits C, D and E at ¶11.
[6] Exhibits A, B, C, D and E at ¶6; Exhibits A and B at ¶10; Exhibits C, D and E at ¶11.

orders and associated paperwork, initiating various sales tracking and associated programs, checking preexisting orders and responding to emails.[7]

Defendant's system and policies forced inbound sales agents to perform "non-sales work" off-the-clock on a frequent and recurring basis.[8]  An inbound sales agent is required to be on a customer call for the entire period she is on the clock.[9]  Afterwards, they are permitted to perform work associated with the transaction, such as filling out orders or responding to emails or instant messages by initiating an "auxiliary mode," however, the time permitted by Defendant was unrealistic – one (1) to two (2) minutes maximum.[10]  Furthermore, use of the auxiliary mode was discouraged by Defendant's supervisors.[11]  Consequently, "non-sales work", which was essential to Defendant's business and required to be performed by inbound sales agents, was performed off-the-clock during pre-shift, post-shift and during lunch breaks on a frequent, if not daily basis.[12]  This resulted in significant off-the-clock work performed by Plaintiffs, which as a result meant that Plaintiffs while on break or off-the-clock were never truly relieved of their work duties.[13]

Defendant had actual and constructive knowledge of Plaintiffs' off-the-clock work being performed.  First, as mentioned above, said "non-sales work" was essential to Defendant's business.[14]  Defendant was aware that "non-sales work" was performed off-the-clock such as, but not limited to, orders filled and later checked by inbound sales agents, customer and internal

---

[7] Exhibits A, B, C, D and E at ¶¶5 and 7; Exhibits A and B at ¶10; Exhibits C, D and E at ¶11.
[8] Exhibits at ¶¶6 and 7.
[9] Exhibits A, B, C, D and E at ¶6.
[10] *Id*.
[11] *Id*.
[12] *Id*; Exhibits A, B, C, D and E at ¶7.
[13] *Id*.
[14] Exhibits A, B, C, D and E at ¶5.

emails handled by inbound sales agents, and required training[15] performed by its inbound sales agents beyond the regularly scheduled forty hour workweek.[16]   Moreover, Defendant's managers would see Plaintiffs perform off-the-clock work onsite and do nothing, permitting it to continue.[17]   To make matters worse, Defendant's managers, supervisors and trainers would instruct and encourage inbound sales agents to perform "non-sales work" off-the-clock.[18] Plaintiffs complained to Defendant's Vice President of Sales and other managers regarding their unpaid off-the-clock work at TWC.[19]   Defendant acknowledged it knew about the problem, however, did nothing to remedy the issue.[20]   In fact, after repeat complaints from Plaintiffs regarding their unpaid wages, rather than pay them at the federally mandated overtime rate, Defendant gave out gift cards hoping that the problem would go away.[21]

Plaintiffs and Class Members performed the same job duties, were paid the same way, all worked at the same San Antonio, Texas call center, were under the supervision and instruction of the same managers, their FLSA claims concern identical legal issues, the same pay practice and defenses.[22]   Accordingly, class notice should be issued.

## III.   THE STANDARD FOR GRANTING CONDITIONAL CERTIFICATION IN A COLLECTIVE ACTION IS "LENIENT" AND SUBSTANTIALLY LOWER THAN THE STANDARD FOR A RULE 23 CLASS ACTION.

### A.   Section 216(b) only requires Plaintiffs be 'similarly situated.'

Plaintiffs seek conditional certification and court-facilitated notice in this collective action pursuant to section 216(b) of the FLSA.  *See* 29 U.S.C. § 216(b).  The FLSA's collective

---

[15] Exhibits C, D and E at ¶8.
[16] Exhibits A and B at ¶9; Exhibits C, D and E at ¶10.
[17] Exhibits A and B at ¶9; Exhibits C, D and E at ¶10.
[18] Exhibits A and B at ¶9; Exhibits C, D and E at ¶10.
[19] *Id*.
[20] *Id*.
[21] Exhibit D at ¶10.
[22] Exhibits A and B at ¶10; Exhibits C, D and E at ¶11.

action mechanism allows for efficient adjudication of similar claims so that "similarly situated" employees whose claims are often small, may join together and pool their resources to prosecute their claims.  *See Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

**B.     The courts in this district apply a two-stage certification process.**

With respect to the standard for conditionally certifying a collective action, this district generally uses the two step approach as described in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987).[23]  The first stage in the determination is the "notice stage."  At this stage, the Court inquires as to whether Plaintiff has provided sufficient evidence that similarly situated Plaintiffs exist.  *Hayes v. Laroy Thomas, Inc.,* 2006 WL 1004991, at *2 (E.D. Tex. 2007) (*Citing Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)); *Mooney v. Aramco Servs. Co.*, 54 F.3rd 1207, 1213-14 (5thCir. 1995)).  The Court makes this determination and decides whether notice should be given to potential class members based only on the pleadings and any affidavits which have been submitted by the Plaintiffs.  *Beall v. Tyler Technologies, Inc.,* 2009 WL 1766141 (E.D. Tex. June 23, 2009).   At the second stage, the Court re-examines the class after notice, time for opting-in, and discovery have taken place.  If it finds the class is no longer made up of similarly situated persons, it may decertify the class.

**C.     Plaintiffs' burden at the first stage has been described as "fairly lenient."**

At the "notice stage," the plaintiff bears the burden of showing there are other employees "similarly situated."  *Id; H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D. Tex. 1999). This burden, however, is very low and has been described as "fairly lenient."  *Hayes*, 2006 WL 1004991, at *7; *Mooney*, 54 F.3d at 1214.  Courts have found that while affidavits from other employees help in making the initial determination of a collective action easier, notification to

---

[23] *See Mateos v. Select Energy Services, LLC*, 977 F.Supp.2d 640, 643 (W.D. Tex. 2013) ("This Court will apply *Lusardi's* two-stage approach in this case.").

potential class members can be approved without any affidavits as to the names of similarly situated employees. *Hayes*, 2006 WL 1004991 at *6, *7; *Neagley v. Atascosa* County EMS, 2005 WL 354085, at *3 (W.D. Tex. 2005). Therefore, at the notice stage, the district court's broad discretion is constrained in favor of the fairly lenient similarly situated standard of the FLSA afforded to Plaintiffs. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11thCir. 2008).

Although the degree to which potential opt-in Plaintiffs must be similarly situated has not been precisely defined, courts agree that "Plaintiffs need only show that their positions are similar, not identical." *Hayes* 2006 WL 1004991, at *6 n. 3 (citing *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex 1979)). "The court should satisfy itself that there are other employees of the defendant who are 'similarly situated' with respect to their job requirements and pay provisions." *Allen v. McWane*, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "Notice is appropriate when a court concludes that there is a factual nexus that binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice." *Allen,* 2006 WL 3246531, at *2 (citing *Villatoro v. Kim Son Restaurant, L.P.*, 286 F.Supp.2d 807, 810 (S.D. Tex. 2003)). Further, Plaintiffs must show that the potential opt-in Plaintiffs have similar "identifiable facts or legal nexus . . . so that hearing the cases together promotes judicial efficiency." *Marsh v. Butler County Sch. Sys.*, 242 F.Supp.2d 1086, 1093 (M.D. Ala. 2003) (citing *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D. Or. 2002)).

In a case granting class notice, a Texas court held: [T]he court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated. The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively. *See Tolentino v. C&J Spec-Rent Services, Inc.*, 716 F.Supp.2d 642 (S.D.

Tex. 2010) (*citing Albanil v. Coast 2 Coast, Inc.*, No. Civ. A. H-08-486, 2008 WL 4937565, at *3 (S.D. Tex. Nov.17, 2008)).

**D.     The court should not consider the merits of Plaintiffs' claims at this stage.**

Some employers attempt to defeat class notice by arguing the merits of the underlying FLSA violation instead of focusing on the common practice that applies to the employees.  Such attacks are flawed. "[E]ven if Plaintiffs' claims turn out to be meritless or, in fact all Plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case."  *See Krueger v. New York Tel. Co.*, No. Civ. A. 93 CIV. 0178 (LMM), 93 CIV. 0179 (LMM), 1993 WL 276058, at *2 (S.D. N.Y. July 21, 1993); *see also Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 365 (M.D. Ala. 1999) ("subsequent discovery may reinforce or undermine" the preliminary finding of similarly situated).  Thus, it is at the second stage, and not the initial conditional certification stage that a court can look into possible defenses and individual differences between plaintiffs. Plaintiffs do not have the benefit of any discovery at this time.  The analysis at this early stage is that the putative class members share similarities in job responsibilities and were subject to a similar pay provision.  The merits of the case are considered during the second stage.

**E.     Plaintiffs and the proposed Class form a cohesive group of workers with the same job responsibilities, working under the same structure, and pay practice.**

Plaintiffs seek to conditionally certify the narrowly defined class of all inbound sales agents who worked at Defendant's San Antonio, Texas call center during the last three years. Plaintiffs are similarly situated to this proposed class of inbound sales agents in that:

1.   All inbound sales agents were paid the same way;[24]

---

[24] Exhibits A and B at ¶10; Exhibits C, D and E at ¶11.

2.  All inbound sales agents performed the same duties and have the same responsibilities;[25]

3.  All inbound sales agents were subject to the illegal off-the-clock pay practice at issue in this action;[26]

4.  All inbound sales agents reported to the same managers who required and instructed them to work off-the-clock in violation of the FLSA;[27]

5.  All inbound sales agents worked at the same San Antonio, Texas call center;[28] and

6.  Because all inbound sales agents were paid the same way, performed the same job duties, worked for the same managers, and were subject to the same FLSA violation – Defendant's defenses, if any, are the same as to all inbound sales agents.

This is a homogenous group of employees, and most importantly, subject to the same violations of the FLSA.

### F.     Off-the-clock cases are certified under the FLSA.

Courts have certified cases, like this one, where call center employees are subject to the same unlawful practices.  *See, e.g., Clarke v. Convergys Customer Mgmt. Group, Inc.,* 370 F.Supp.2d 601, 607 (S.D. Tex. 2005) (Harmon, J.) (granting conditional certification of call center employees who had been subjected to off-the-clock tasks).  Moreover, Plaintiffs have submitted evidence that their supervisors pressured inbound sales agents to work off-the-clock. District courts in the Fifth Circuit have found that these practices amount to evidence of an informal "policy-to-violate-the-policy" regardless of an employer's defense it had a policy in place against off-the-clock work.  *See Mahoney v. Farmers Ins. Exch.,* 2011 WL 4458513, at *9 (S.D. Tex. Sept. 23, 2011) (Ellison, J.).

---

[25] *Id*.
[26] *Id*.
[27] *Id*.
[28] *Id*.

G.    **A three year notice period is appropriate in this case.**

If a violation of the FLSA is not willful, the limitations period for FLSA claims is limited to two years, while if the violation is willful, the limitations period is three years. 29 U.S.C. § 255(a).  An FLSA violation is willful if the employer " 'knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute.' " *Singer v. City of Waco, Tex.,* 324 F.3d 813, 821 (5thCir. 2003) (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988)). The plaintiff bears the burden of showing a willful FLSA violation. *Id.; see also Samson v. Apollo Res., Inc.,* 242 F.3d 629, 636 (5th Cir.2001) ("Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim.").

According to precedent set by Texas courts, "where a plaintiff alleges a willful FLSA violation, notice is proper for potential class members employed by the defendant within the full three-year period." *Walker v. Honghua America, LLC,* 870 F.Supp.2d 462, 472 (S.D. Tex. 2012) (citing *Albanil v. Coast 2 Coast, Inc.,* 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008)). "FLSA plaintiffs are not required to prove willfulness prior to discovery."  *Id.*

Here in this case, Plaintiffs have alleged a willful violation.  *See* Doc. No. 1 at ¶¶ 28-32, and 57.  Even absent this precedent, Plaintiffs have alleged sufficient facts in their complaint to establish their entitlement to a three year notice period based on the willful conduct of Defendant.  *Id.*  Defendant clearly knew they were required to pay minimum wage and overtime to their employees, but chose not to do so.  This case does not involve a complicated application of an exemption or an esoteric manner of calculating overtime.  It is as straightforward of an FLSA case as can be imagined.  At this early stage, Plaintiffs have certainly alleged sufficient information for this Court to deem a three year notice period appropriate.

**H.      Other putative class members are interested in joining this suit.**

A minority of courts have required a modest showing that other aggrieved individuals desire to "opt into" the lawsuit. *See, e.g., Maynor v. Dow Chemical Co.*, No. Civ. A. G-07-0504, 2008 WL 2220394, at *4 (S.D. Tex. May 28, 2008) *(citing Prater v. Commerce Equities Mgmt. Co.,* No. Civ. A. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. November 19, 2007)). However, courts have held that a plaintiff seeking class certification need not present evidence at this stage. *See Watson, et al. v. Konica Minolta Bus. Solutions USA, Inc*., No. Civ. A. H-10-986, at page 11 (S.D. Tex. Nov. 22, 2010). Nonetheless, Plaintiffs in this case satisfy that burden.

Currently, close to thirty (30) individuals have joined this lawsuit. Moreover, Plaintiffs know of other individuals who may be interested in joining this lawsuit if given the opportunity under the protections of Court supervised notice.[29]    A court-supervised notice with the appropriate notification about the anti-retaliation provision of the FLSA would calm their fears and allow them to act on their interest to join.[30]

**IV.    THE PROPOSED NOTICE IS TIMELY ACCURATE AND INFORMATIVE. THE NOTICE SHOULD BE SENT VIA REGULAR MAIL, EMAIL AND BY POSTING.**

Plaintiffs' proposed court-approved notice[31] and consent form[32] to the potential opt-ins is "timely, accurate, and informative," as required. *Hoffmann-La Roche*, 493 U.S. at 172.   It provides accurate notice of the pendency of the action and of the opportunity to opt in. Potential opt-ins are advised that they are not required to participate. Plaintiffs request that Defendant be ordered to produce within ten (10) days of the granting of this Motion in an electronic format such as an excel spreadsheet, the names, all known addresses, all phone numbers (home, mobile,

---

[29] Exhibits A and B at ¶11; Exhibits C, D and E at ¶12.
[30] *Id*.
[31] Exhibit F.
[32] Exhibit G.

etc.), dates of birth, all known email addresses (work and personal), social security numbers, and dates of employment for all the class members employed from three years prior to the filing of this lawsuit to the present.[33] Such information allows Plaintiffs to confirm current addresses and/or to locate those persons who may have moved from their last known addresses. Defendant and its counsel have this information and are allowed to use it. Plaintiffs should be afforded the same right.

Further, Plaintiffs propose that the notice and consent forms be mailed by first class mail **and by electronic mail** within seven (7) days of receiving the class list from Defendant to all potential opt-ins employed at any time during the three-year period before this lawsuit was filed

---

[33] *Jones v. JGC Dallas LLC*, 2012 WL 6928101, at *5 (N.D. Tex. Nov. 29, 2012); *See Eggelston v. Sawyer Sportsbar, Inc.,* 2010 WL 2639897, at *4 (S.D. Tex. June 28, 2010) (order conditionally certifying class of bartenders and granting expedited discovery of **telephone numbers and emails**); *McCarragher v. Ryland Group, Inc.*, 2012 WL 4857575, at *6 (S.D. Tex. Oct. 11, 2012) ("must provide … **e-mail addresses, telephone numbers** …of the members of the collective action class."); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011) ("**ORDERS** the Defendants to provide…names, job titles, addresses, **telephone numbers**, Social Security numbers, and **email addresses**, if available, of the potential class members."); *Beall v. Tyler Technologies, Inc.*, 2009 WL 1766141, at *4 (E.D. Tex. June 23, 2009) ("orders defendants to provide …names, job titles, addresses, **telephone numbers**, Social Security numbers, and **email addresses** ..."); *Luvianos v. Gratis Cellular, Inc.*, 2012 WL 6737498 (S.D. Tex. Dec. 10, 2012) report and recommendation adopted, 2012 WL 6743559, at *10 (S.D. Tex. Dec. 28, 2012) ("disclosure to Plaintiffs' counsel of employees' … **phone numbers, and email addresses** … is not unduly invasive."); *Tolentino v. C & J Spec-Rent Services Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010) ("orders that Defendant produce …**phone numbers, and e-mail addresses**..."); *Davis v. Mostyn Law Firm, P.C.,* 2012 WL 163941, at *11 (S.D. Tex. Jan. 19, 2012) ("shall provide …all **email addresses (personal and work)** for all class members as defined above."); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 473 (S.D. Tex. 2012) ("Defendant to produce, … work **email addresses** …"); *Bullard v. Camin Cargo*, Civil Action No. 4:13-cv-00027, Doc. 27 at page 4 (S.D. Tex. Aug. 9, 2013) (granting class **notice via email** and requiring production of email addresses and **phone numbers**); *See, Jones*, 2012 WL 6928101, at *5 (rep. and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013)); *Eggleston v. Sawyer Sportsbar, Inc.*, Civil Action No. 4:09-3529, 2010 WL 2639897, at *4 (S.D. Tex 2010) (Court granted class **notice via email**); *Watson, et. al. v. Konica Minolta Bus. Solutions USA, Inc*., No. Civ. A. H-10-986, at page 21 (S.D. Tex. Nov. 22, 2010); *Beall v. Tyler Technologies, Inc.*, No. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. 2009) (court granted class **notice via email** and later compelled the employer to produce all email addresses, both personal and work).

to present.[34]   Plaintiffs' counsel will oversee the mailing (both regular mail and electronic mail) of such notices and pay the up-front charges for same (postage, copying, etc.).   Further, Plaintiffs' counsel requests that it be permitted to hire, if necessary, a third party class action administration company to conduct the actual mailing of the notice and forms if it deems appropriate.

The benefits of sending notice in a conditional certification case "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[35]   The point of sending out Notice to Class Members is for them to receive it, become aware of the pending litigation, and make a decision regarding joining the case.   Sending email notice only increases the chance of

---

[34] *See Phelps v. MC Communications*, Inc., No. 2:11-CV-00423-PMP-LRL, 2011 WL 3298414, 6 (D. Nev. Aug. 1, 2011) (The Court will permit Plaintiffs to **email** the notice…; *Goudie v. Satellite Communications, Inc.*,  No. 08-CV-507-AC, 2008 WL 4628394, at *9 (D. Or. Oct. 14, 2008)("The court concludes that the names, addresses, phone numbers, and **e-mail** addresses of technicians are sufficient to permit notice and communication with potential members of the putative collective action."); *Beall v. Tyler Technologies, Inc.*, No. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. 2009) (Court granted class notice via email.); *In re Deloitte & Touche, LLP Overtime Litig.*, 2012 WL 340114, at *2 (S.D. N.Y. Jan. 17, 2012); *White v. Integrated Elec. Technologies, Inc.,* 2013 WL 2903070, at *9 (E.D. La. June 13, 2013) **("Plaintiffs have submitted ample authority indicating that federal district courts, including courts in the Eastern District of Louisiana and the Fifth Circuit, frequently utilize e-mail to provide notice of collective actions to potential class members.");** *Butler*, 876 F. Supp. 2d at, 575 ("Plaintiffs may, therefore, notify other potential plaintiffs of this action by first-class mail and by email..."); *Pippins v. KPMG LLP,* 2012 WL 19379, at *14 (S.D. N.Y. January 3, 2012) ("[G]iven the reality of communications today ... the provision of email addresses and **email notice** in addition to notice by first class mail is entirely appropriate"); *Lujan v. Cabana Mgmt., Inc.,* 2011 WL 3235628, at *3 n. 3 (E.D.N.Y. July 27, 2011) ("[T]he Court sees **email** as a relatively unobtrusive option" for providing notice to class members); *Denney v. Lester's, LLC*, 2012 WL 3854466 at *4 (E.D. Mo. Sept. 5, 2012) ("Court finds fair and proper notice to current and former servers will be accomplished by regular mail, **electronic mail**..."); *Santiago v. Amdocs, Inc.*, 2011 WL 6372348, at * 8 (N.D. Cal. Dec. 19, 2011) (Notice shall be "disseminated via **electronic mail**."); *Altier v. Worley Catastrophe Response, LLC,* 2012 WL 161824, at *27 (E.D. La. Jan.18, 2012); *Nobles v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 3794021, at *10 (W.D. Mo. Aug.25, 2011).
[35] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, (1989).

the class members receiving and reading the notice.  The convenience of technology dictated that the federal court system adopt an electronic case filing system.  Likewise, email notice is appropriate precisely because it is an affordable, instantaneous, and reliable way for important legal issues to be communicated to large groups of people.   For these reasons, email notice has become a common form of notification in FLSA cases.[36]  "With regard to the use of email to notify potential plaintiffs of this litigation, 'communication through email is [now] the norm.'"[37] "Email is an efficient, reasonable, and low-cost supplemental form of notice."[38]

In *Jones,* the court allowed notice to be sent via email to exotic dancers.[39]  The court noted,  "[i]n the present age, however, communication through email is the norm," and the court should  "not view the disclosure of email addresses to class counsel as being unduly intrusive on the privacy and personal interests of class members."[40]   Other Texas federal courts have

---

[36] *See Phelps v. MC Communications, Inc.*, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011).

[37] *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012).

[38] *Phelps v. MC Communications, Inc.,* 2011 WL 3298414 *6 (D. Nev. Aug. 1, 2011).

[39] *See, Jones*, 2012 WL 6928101 at *5 (rep. and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013)) ("The attached form of notice should be approved by the Court, as should Plaintiffs' request to provide notice to the conditionally certified class via regular mail and email in the manner described above.").

[40] *In re Deloitte & Touche, LLP Overtime Litig.*, 2012 WL 340114, at *2 (S.D.N.Y. Jan. 17, 2012); *White v. Integrated Elec. Technologies, Inc.,* 2013 WL 2903070, at *9 (E.D. La. June 13, 2013) **("Plaintiffs have submitted ample authority indicating that federal district courts, including courts in the Eastern District of Louisiana and the Fifth Circuit, frequently utilize e-mail to provide notice of collective actions to potential class members.");** *Butler*, 876 F. Supp. 2d at, 575 ("Plaintiffs may, therefore, notify other potential plaintiffs of this action by first-class mail and by email..."); *Pippins v. KPMG LLP,* 2012 WL 19379, at *14 (S.D.N.Y. January 3, 2012) ("[G]iven the reality of communications today ... the provision of email addresses and **email notice** in addition to notice by first class mail is entirely appropriate"); *Lujan v. Cabana Mgmt., Inc.,* 2011 WL 3235628, at *3 n. 3 (E.D. N.Y. July 27, 2011) ("[T]he Court sees **email** as a relatively unobtrusive option" for providing notice to class members); *Denney v. Lester's, LLC*, 2012 WL 3854466 at *4 (E.D. Mo. Sept. 5, 2012) ("Court finds fair and proper notice to current and former servers will be accomplished by regular mail, **electronic mail**..."); *Santiago v. Amdocs, Inc.*, 2011 WL 6372348, at * 8 (N.D. Cal. Dec. 19, 2011) (Notice shall be "disseminated via **electronic mail**..."); *Altier v. Worley Catastrophe Response, LLC,*

followed suit.[41]

Further, Plaintiff proposes that class members be allowed to execute their consent form electronically via a service called Right Signature,[42] which tracks the IP address and email address from which the form is being accessed and executed. This service allows class members to sign their consent forms electronically[43] by clicking on a link in an encrypted email designated only for that user, which in turn takes them to a website where they can review the document they are signing, click a box indicating they have read and understood the consent form and insert information such as their name and address.[44] Users are instantaneously provided with a PDF copy of the form they signed and a copy of the form is made accessible to Plaintiffs' counsel who will, in turn, file same with the Court, just as if such document had been received

---

2012 WL 161824, at *27 (E.D. La. Jan.18, 2012); *Nobles v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 3794021, at *10 (W.D. Mo. Aug.25, 2011).

[41] *Bullard v. Camin Cargo*, Civil Action No. 4:13-cv-00027, Doc. 27 at page 4 (S.D. Tex. Aug. 9, 2013) (granting class **notice via email** and requiring production of email addresses and **phone numbers**); *See, Jones*, 2012 WL 6928101, at *5 (rep. and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013)); *Eggleston v. Sawyer Sportsbar, Inc.*, Civil Action No. 4:09-3529, 2010 WL 2639897, at *4 (S.D. Tex 2010) (Court granted class **notice via email**); *Watson, et al. v. Konica Minolta Bus. Solutions USA, Inc.*, No. Civ. A. H-10-986, at page 21 (S.D. Tex. Nov. 22, 2010); *Beall v. Tyler Technologies, Inc.*, No. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. 2009) (court granted class **notice via email** and later compelled the employer to produce all email addresses, both personal and work).

[42] Exhibit H - Example of a Right Signature executed consent form with electronic authentication.

[43] In Texas, under the Tex. Bus. & Com. Code Ann. § 322 *et. al.* (Vernon), the law recognizes the validity of electronic signatures. Specifically, it states that a "signature may not be denied legal effect or enforceability solely because it is in electronic form." Tex. Bus. & Com. Code Ann. § 322.007 (Vernon). Further, it proceeds to state that "if a law requires a signature, an electronic signature satisfies the law." In this instance, the FLSA requires a plaintiff to file a written consent form in order to join the lawsuit. *See* 29 U.S.C.A. § 216 (West) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *See also*, 29 U.S.C.A. § 256 (West). Consequently, Texas law allows for the use of electronic signatures to be used to execute FLSA consent forms.

[44] *See* Exhibit H - Example of a Right Signature executed consent form with electronic authentication.

via regular mail.  This would merely be an additional option for signing the consent form.

Other courts have approved the use of online electronic signature opt-in forms.[45] *See also White v. Integrated Elec. Tech., Inc.*, 2013 WL 2903070 (E.D. La. June 13, 2013); *Jones v. JGC Dallas LLC*, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012).  Both *Jones* and *White* permitted this method of response over the objection of the Defendant.  Just last year, the Western District of Pennsylvania noted that this method of joining a collective action is appropriate. *See Bland v. Calfrac Well Servs. Corp.*, 2013 WL 4054594 (W.D. Pa. Aug. 12, 2013).

Additionally, given the likelihood that Defendant's records are inadequate to supply contact information on each member of the proposed class, Plaintiffs request that notice be prominently posted at Defendant's place of business and that a copy of the proposed notice be included with each potential Class Member's paycheck pursuant to the same mailing schedule as delineated above.  Posting a notice in the workplace is a method often used to inform employees of their rights in labor disputes.  *See, e.g., Hoffman Plastic Compounds, Inc. v. NLRB*, 525 U.S. 137, 152 (2002).

Finally, Plaintiffs request that class members be given 60 days to opt into the lawsuit. Such amount of time is reasonable, and will not delay the proceedings.  Further, Plaintiffs request that a second notice go out thirty days (30) prior to the deadline to opt-in, but only to those individuals who have not opted in to the lawsuit.

---

[45] *Kelly v. Bank of Am., N.A.,* 2011 WL 7718421, at *2 (N.D. Ill. Sept. 23, 2011) ("[C]lass members may submit a Consent to Join form for this case by electronically providing their name, date of birth, and last four digits of their social security number."); *Jones*, 2012 WL 6928101, at *5 ("Class members should be provided the option of executing their consent forms online via an electronic signature service.").

## V.     CONCLUSION.

At this preliminary stage, Plaintiffs have adduced sufficient factual basis from which this Court can determine that similarly situated plaintiffs exist.  Thus, the Court should grant Plaintiffs' Motion and provide Plaintiffs with the discovery requested, conditionally certify the case, and allow the Plaintiffs to send out Notice.  The case should be certified with respect to:

**All current and former inbound sales agents employed at Time Warner Cable's San Antonio, Texas call center at any time from three years prior to the filing of the lawsuit to present.**

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Ricardo J. Prieto*
Martin A. Shellist
Texas Bar No. 00786487
mshellist@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
Dorian Vandenberg-Rodes
Texas Bar No. 24088573
drodes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFFS
& CLASS MEMBERS

## <u>CERTIFICATE OF CONFERENCE</u>

I have conferred with opposing counsel through email and telephonic communications prior to the filing of this lawsuit.  We discussed, amongst other things, the possibility of agreeing to class notice and counsel for Defendant indicated it was opposed.

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on December 10, 2014 a copy of the foregoing instrument was served upon all parties of record via the Court's electronic case filing system.

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto